

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

JUAN SANCHEZ

                Plaintiff,

versus

                CASE NO.: 1:15cv272HSO-JCG

MK INDUSTRIES, LLC, a Georgia
Limited Liability Company

                Defendant.

## COMPLAINT

Plaintiff Juan Sanchez is a resident of Mississippi and employee of the Defendant, MK Industries, LLC. Plaintiff files this action against Defendant, for past and ongoing wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiff contends that Defendant violated and continues to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge of the Plaintiff.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court because a substantial portion of the acts and omissions giving rise to the instant claims occurred in this District.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. At all relevant times herein, Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## RELEVANT TIME PERIOD

5. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of their lawsuit.

## PARTIES

6. Plaintiff Juan Sanchez is an individual residing at 2636 N. 10th Street, Unit B, Ocean Springs, Mississippi. He is employed by MK Industries, LLC, (hereinafter "MK") from beginning approximately in June of 2013 and remains a current employee. Plaintiff's work is/was directed and controlled by the Defendant and its employees.

7. Defendant MK Industries, LLC is a business organized under the laws of Georgia, has a principal place of business in Georgia, and is/was doing business in Mississippi during the relevant time period. MK hires employees for multiple job locations in Mississippi. Specifically Plaintiff is/was working at VT Halter Marine in Pascagoula, Mississippi. MK may be served through its registered agent Nabil Elsaqa, at 6685 Peachtree Industrial Blvd., Atlanta, Georgia 30360.

## FACTS

8. Defendant MK, a privately held corporation, supplies a variety of skilled craftsmen to support ongoing shipyard and construction projects in Mississippi. In particular, MK subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and

outside machinists in the Southern District of Mississippi. Namely, Defendant MK supplied contract labor at multiple shipyards in the Southern District of Mississippi including VT Halter Marine in Pascagoula, Mississippi.

9. Plaintiff, Juan Sanchez, was employed as a Shipfitter for the Defendant MK from approximately June 2013 through the present. He regularly worked overtime for the Defendant, MK. During this time, Plaintiff regularly received hourly per diem payments, based on the number of hours he worked. His 'per diem' fluctuated with the number of hours worked per week during the applicable time frame. However, his per diem payments were not included in his 'regular rate' for purposes of calculating overtime due at one-and-a- half times his regular rate

10. While Plaintiff, Juan Sanchez was employed by Defendant MK, he was paid a "regular" hourly rate of $23.40 and Plaintiff was paid overtime at the rate of $36.45. In addition to the aforementioned wages, Plaintiff was paid what appeared to be a daily per diem of $136.00 per eight (8) hour day. In addition to the "daily per diem" Plaintiff was also paid "supplemental wages" at the rate of $17.00 per hour. The "supplemental wages" were paid to supplement the "daily per diem" and based on the number of hours worked. For instance, during the pay period from December 1, 2014 to December 7, 2014, Juan Sanchez worked a total of 63.5 hours. Plaintiff was paid a total of $952.00 per diem, or seven (7) day's per diem at $136.00, per day. The daily per diem was based on an eight (8) hour day. In addition to the "daily per diem" Plaintiff was also paid "supplemental wages" for 7.5 hours. Thus, Plaintiff was paid an hourly per diem cleverly disguised as "daily per diem" supplemented by "supplemental wages".

11. Plaintiff was actually paid an hourly per diem of $17.00 per hour per diem. Plaintiff was paid seven (7) days' worth of per diem based on an eight (8) hour work day, or 56 hours. Plaintiff's pay for the "daily per diem" was actually an hourly per diem of $17.00 per hour. The "daily per diem" was then supplemented by an hourly rate of $17.00 per hour for the remaining 7.5 hours he worked during the pay period. When the 56 hours of "daily per diem" are added to the 7.5 hours of supplemental hourly wages, the total number of hours comes to 63.5 hours, the number of hours actually worked by Plaintiff. The daily per diem was actually an hourly per diem as evidenced by the "supplemental wages". Accordingly, Plaintiff was paid $17.00 per hour as an hourly per diem.

12. The hourly per diem of $17.00 per hour did not depend on the number of hours worked. Plaintiff's hourly per diem wages were not included in the calculation of Plaintiff's hourly "regular rate" rate, thus diluting his overtime rate.

13. Based upon Defendant's uniform practice and pay system, the Plaintiff Sanchez worked hours in excess of forty (40) per week and was not paid overtime based upon one and one half times his regular rate of pay, which "regular rate" should have included all hourly "per diem".

14. Application of this policy of practice did not depend on the personal circumstances of Plaintiff Sanchez.

15. Plaintiff has retained the law firm of LOCOCO & LOCOCO, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff hereby incorporates paragraphs 1 through 15 by reference.

17. At all relevant times, Plaintiff was a non-exempt employee as defined in the FLSA, 29 U.S.C. §§ 203(e), 207, 213, and was entitled to be paid time and one-half for all hours worked in excess of forty per week in accordance with the FLSA overtime provisions, 29 U.S.C. § 207.

18. At all relevant times, Defendant was an employer as defined in the FLSA, 29 U.S.C. §201(d).

19. At all material times herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

20. Defendant violated the FLSA by failing to pay overtime compensation at the appropriate rate to the Plaintiff. 29 U.S.C. § 207, 215(a)(2), 216(b).

21. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22. Defendant was, and is, subject to the overtime pay requirements of the FLSA.

23. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA; in particular, one and one-half times the regular rate for all hours worked in excess of forty during the workweek.

24. Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not in violation of the FLSA. Overtime compensation has been

intentionally, willfully, and unlawfully withheld by the Defendant, and Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

25. Defendant has failed to maintain accurate records of the Plaintiff's work hours in accordance with the law.

26. To the extent accurate records of the Plaintiff's work hours exist, they are solely in the possession of the Defendant.

27. Plaintiff is entitled to reimbursement of his costs, reasonable attorneys' fees, and expenses incurred.

## JURY DEMAND

The Plaintiff, Juan Sanchez, is entitled to and does hereby demands a trial by jury.

**WHEREFORE**, the Plaintiff, individually and on behalf of all others similarly situated, respectfully prays;

  a. That the Plaintiff be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

  b. That Plaintiff be awarded their reasonable attorneys' fees, including the costs and expenses of this action, 29 U.S.C. 216(b);

  c. That the Plaintiff be awarded such other legal and equitable relief, which he may be entitled.

Respectfully submitted, this the 21st day of August, 2015.

        **PLAINTIFF, JUAN SANCHEZ**

        */s/ Virginia L. LoCoco*
        VIRGINIA L. LoCOCO, MSB 8483
        JOSEPH A. LOCOCO, MSB# 9537
        JACOB "JAKE" KING, MSB# 104157
        LoCoco and LoCoco, P.A.
        10243 Central Avenue
        P.O. Box 6014
        D'Iberville, MS 39540
        Telephone No. 228-392-3799
        Facsimile No. 228-392-3890
        virginia.lococo@lococolaw.com
        joseph.lococo@lococolaw.com
        jake.king@lococolaw.com