IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUAN SANCHEZ | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:15cv272-HSO-JCG |
| | § | |
| | § | |
| MK INDUSTRIES, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO STAY CASE AND COMPEL ARBITRATION**

BEFORE THE COURT is the Motion to Stay Case and Compel Arbitration [8] filed by Defendants MK Industries, Inc. Plaintiff Juan Sanchez has not filed a Response, and the time to do so has passed. Having considered the Motion, the record, and relevant legal authorities, the Court finds that the Motion should be granted, Plaintiff's claims should be submitted to arbitration, and this case should be dismissed.

I. BACKGROUND

On or about November 4, 2015, Plaintiff Juan Sanchez ("Plaintiff") entered into an Employment Agreement [9-1] with Defendant MK Industries, Inc. Aff. of Oscar Cervera [9-1] at 1; Employment Agreement [9-1] at 2-6. The Employment Agreement provided in relevant part as follows:

> *1. General*
> The parties acknowledge that EMPLOYEE is interested in receiving temporary assignments to provide services at client sites through COMPANY. Details of specific assignments will be described on a separate form. In consideration of EMPLOYEE's employment and

continued employment by COMPANY, and in consideration of the mutual promises and benefits set forth below, the parties hereby enter into this agreement.

\* \* \*

**10.** *Arbitration*
- (a) The parties agree that any controversy or dispute arising out of or in connection with EMPLOYEE's employment, the terms and conditions of such employment, or the termination of such employment shall be resolved in binding arbitration before the American Arbitration Association in accordance with its National Rules for the Resolution of Employment Disputes in effect at the time a demand for arbitration is made. EMPLOYEE understands that COMPANY will bear the administrative cost of arbitration and the arbitrator's fees. The arbitrator's award will be final and binding upon the EMPLOYEE and COMPANY.
- (b) This agreement to arbitrate includes any and all claims of wrongful discharge or other adverse employment action under federal, state, local, and common law; employment discrimination, harassment, or retaliation under federal, state, or local law; compensation disputes; breach of express or implied contracts; tortuous conduct; and all other statutory and common law claims and disputes EMPLOYEE may have with COMPANY.

Employment Agreement [9-1] at 2, 5.

On August 21, 2015, Plaintiff filed his Complaint [1] against MK Industries, LLC. On September 17, 2015, prior to the filing of any responsive pleading, Plaintiff filed an Amended Complaint [3] against MK Industries, Inc. ("MK" or "Defendant"), which remains the operative pleading. The Amended Complaint asserts claims against Defendant for violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for failing to pay Plaintiff overtime compensation at the appropriate rate. Am. Compl. [3] at 4-5.

On November 30, 2015, Defendant filed its Answer [7] asserting in relevant part that "[s]ome or all of Plaintiff's claims are subject to mandatory, final and binding arbitration." Answer [7] at 8.  On the same date, Defendant filed the present Motion to Stay Case and Compel Arbitration [8].  Defendant contends that Plaintiff's claims arise out of his employment and are subject to mandatory arbitration pursuant to the Employment Agreement.  Def.'s Mem. [10] at 1, 3-5.  Plaintiff has not responded to Defendant's Motion.

## II.  DISCUSSION

A.  Legal Standard

The Federal Arbitration Act, 9 U.S.C. §§ 1 to 16 ("FAA"), provides that a written agreement to arbitrate contained in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 2 of the FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA]."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Section 4 provides for entry of an order compelling arbitration where one party has failed, neglected, or refused to comply with an arbitration agreement.  9 U.S.C. § 4.

"When adjudicating a motion to compel arbitration, [a court] first must determine whether the parties agreed to arbitrate the dispute in question."  *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 293 (5th Cir. 2005) (citation omitted).  In making this determination, a court "must decide: (1) whether there is a valid

-3-

agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (quotation omitted). "If [the court] decide[s] that the parties have agreed to arbitrate the dispute in question, [it] then must determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* at 294 (quotation omitted).

"The Fifth Circuit has repeatedly emphasized the strong federal policy in favor of arbitration." *Id.* (citation omitted). Any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration. *Id.* (citations omitted). "[A]rbitration should not be denied unless it can be said with positive assurance that [the] arbitration clause is not susceptible of any interpretation which would cover the dispute at issue." *Id.* (quotation omitted).

The Fifth Circuit has held that employees who individually execute pre-dispute arbitration agreements with their employers can be compelled to arbitrate FLSA claims. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (distinguishing collectively bargained arbitration agreements from individually executed pre-dispute arbitration agreements).

B.   <u>Analysis</u>

Defendant has presented uncontroverted evidence of a valid agreement between the parties to arbitrate. *See* Employment Agreement [9-1] at 2-6; *see also* Aff. of Oscar Cervera [9-1] at 1. Plaintiff has not argued that his claims do not fall within the scope of the Employment Agreement's arbitration provision, and the

-4-

Court finds that Plaintiff's claims about his overtime compensation during his employment with Defendant fall within the scope of the arbitration provision. *See* Employment Agreement [9-1] at 5. The Agreement calls for arbitration of "any controversy or dispute arising out of or in connection with [Plaintiff's] employment, [or] terms and conditions of such employment" with Defendant, and specifically includes "any and all claims of . . . compensation disputes . . . ." *Id*. The Court finds that the claims advanced in the Amended Complaint regarding Plaintiff's overtime compensation fall within the scope of this language, and must be submitted to arbitration. *See Safer*, 422 F.3d at 293.

Plaintiff has not shown that there are any legal constraints external to the parties' agreement which would foreclose arbitration of those claims. *See id.* at 294. Nor has Plaintiff asserted any other basis which would prevent judicial enforcement of this arbitration provision. *See Carter*, 362 F.3d at 298 (rejecting employees' argument that FLSA claims are not subject to arbitration).

Based on the foregoing, the Court concludes that Defendant's Motion to Compel should be granted. Because the Court finds that all of Plaintiff's claims must be submitted to arbitration, this case should be dismissed with prejudice rather than stayed. *See, e.g., Adam Tech. Intern. S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the [FAA] directs district courts to stay pending arbitration, . . . dismissal is appropriate 'when *all* of the issues raised in the district court must be submitted to arbitration.'")

(emphasis in original) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

### III. CONCLUSION

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Motion to Stay Case and Compel Arbitration [8] filed by Defendants MK Industries, Inc., is **GRANTED**, and the parties in this action are directed to submit this dispute to arbitration.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE